# EXHIBIT "A"

# EXHIBIT "A"

Electronically Filed
6/13/2017 4:32 PM
Steven D. Grierson
CLERK OF THE COURT

**COMP**
MICHAELA E. TRAMEL, ESQ.
Nevada Bar No. 9466
RICHARD HARRIS LAW FIRM
801 South Fourth St.
Las Vegas, NV 89101
Tel.   (702) 444-4444
Fax   (702) 444-4455
Email  michaela@richardharrislaw.com
*Attorneys for Plaintiff*

## DISTRICT COURT

## CLARK COUNTY, NEVADA

| | |
|---|---|
| JOHN CARTER, | CASE NO.: A-17-756846-C |
| Plaintiff, | DEPT. NO.: Department 18 |
| vs. | |
| SMITH'S FOOD AND DRUG CENTERS, INC., d/b/a SMITH'S FOOD AND DRUG CENTER #372, a Foreign Corporation; DOES 1 through 20; ROE BUSINESS ENTITIES 1 through 20, inclusive jointly and severally, | **COMPLAINT** |
| Defendants. | |

COMES NOW, Plaintiff JOHN CARTER by and through his attorney of record Michaela E. Tramel, Esq. of the RICHARD HARRIS LAW FIRM, and complains and alleges as follows:

### **JURISDICTION**

1. That at all times relevant herein, Plaintiff JOHN CARTER is and was a resident of Clark County, Nevada.

2. That according to information and belief, and at all times relevant herein, Defendant SMITH'S FOOD AND DRUG CENTERS, INC., d/b/a SMITH'S FOOD AND

1

DRUG CENTER #372, is, and was, a Foreign Corporation, licensed to do business in Clark County, Nevada.

3. All the facts and circumstances that gave rise to the subject lawsuit occurred in Clark County, Nevada.

4. That Defendant DOES 1-5 and ROE BUSINESS ENTITIES 1-5 are other owners of the property known as SMITH'S FOOD AND DRUG CENTER (hereinafter "the Property").

5. That Defendant DOES 6-10 and ROE BUSINESS ENTITIES 6-10 are the managers of the Property.

6. That Defendants DOES 11-15 and ROE BUSINESS ENTITIES 11-15 are the maintenance providers for the Property.

7. That the true names and capacities of the Defendants designated herein as Doe or Roe Business entities are presently unknown to Plaintiff at this time, including owners associations presently unknown and the distributor of the Products at issue in this Complaint. Therefore, Plaintiff sues said Defendants by fictitious names. When the true names and capacities of these defendants are ascertained, Plaintiff will amend this Complaint accordingly.

8. That at all times pertinent, Defendants were agents, servants, employees or join venturers of every other Defendant herein, and at all times mentioned herein were acting within the scope and course of said agency, employment, or joint venture, with knowledge and permission and consent of all other named Defendants.

2

## FIRST CAUSE OF ACTION

9. Plaintiff repeats and realleges each of the allegations contained in the preceding and subsequent paragraphs of this Complaint as fully set forth herein.

10. That on or about January 20, 2017, in Clark County, Nevada, Plaintiff was an invitee on the Property.

11. That on or about January 20, 2017, Plaintiff slipped and fell due to slippery substance being on the floor which created an unsafe and dangerous condition on the Property (hereinafter referred to as the "dangerous condition").

12. Upon information and belief, the dangerous condition was caused as a direct result of the Defendants' failure to maintain the Property in a reasonable and safe manner.

13. Upon information and belief, Defendants were responsible for maintaining and were in control of the Property.

14. Defendants knew, or reasonably should have known, that the dangerous condition existed on or about the Property.

15. Defendants failed to place signs, caution, warn, or otherwise make safe, the dangerous condition existing on or about the Property. Accordingly, Defendants negligently, carelessly, and recklessly maintained and allowed the dangerous condition to exist.

16. Defendants should have warned or otherwise made safe the dangerous condition because that condition was non-obvious to Plaintiff.

17. That as a direct and proximate result of the negligence of Defendants, Plaintiff sustained injuries to Plaintiff's shoulders, back, bodily limbs, organs and systems, all

3

or some of which condition may be permanent and disabling, and all to Plaintiff's damage in a sum in excess of $15,000.00.

18. That as a direct and proximate result of the negligence of Defendants, Plaintiff received medical and other treatment for the aforementioned injuries, and that said services, care, and treatment are continuing and shall continue in the future, all to the damage of Plaintiff.

19. That as a direct and proximate result of the negligence of Defendants, Plaintiff has been required to, and has limited occupational and recreational activities, which have caused and shall continue to cause Plaintiff loss of earning capacity, lost wages, physical impairment, mental anguish, and loss of enjoyment of life, in a presently unascertainable amount.

20. That as a direct and proximate result of the aforementioned negligence of all Defendants, Plaintiff has been required to engage the services of an attorney, incurring attorney's fees and costs to bring this action.

## SECOND CAUSE OF ACTION

21. Plaintiff repeats and realleges each of the allegations contained in the preceding and subsequent paragraphs of this Complaint as fully set forth herein.

22. Defendants owed Plaintiff a duty of care to warn Plaintiff to maintain the premises in a reasonably safe and non-dangerous condition.

23. Defendants owed a duty of care to Plaintiff to exercise due care in hiring, training, supervision, retaining, and firing its employees on the premises and in ensuring its employees likewise exercise due care and maintain the premises in a reasonably safe and non-dangerous condition.

4

24. Defendants breached this duty of care when one or more of its employees, acting within the course and scope of employment, negligently struck Plaintiff with a shopping cart.

25. That as a direct and proximate result of the negligence of Defendants, Plaintiff sustained injuries to Plaintiff's shoulders, back, bodily limbs, organs and systems, all or some of which condition may be permanent and disabling, and all to Plaintiff's damage in a sum in excess of $15,000.00.

26. That as a direct and proximate result of the negligence of Defendants, Plaintiff received medical and other treatment for the aforementioned injuries, and that said services, care, and treatment are continuing and shall continue in the future, all to the damage of Plaintiff.

27. That as a direct and proximate result of the negligence of Defendants, Plaintiff has been required to, and has limited occupational and recreational activities, which have caused and shall continue to cause Plaintiff loss of earning capacity, lost wages, physical impairment, mental anguish, and loss of enjoyment of life, in a presently unascertainable amount.

28. That as a direct and proximate result of the aforementioned negligence of all Defendants, Plaintiff has been required to engage the services of an attorney, incurring attorney's fees and costs to bring this action.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for relief and judgment against Defendants as follows:

1. General damages in an amount in excess of $15,000.00;
2. Special damages for medical and incidental expenses incurred and to be incurred;

5

3. Special damages for lost earnings and earning capacity;

4. Attorney's fees and costs off suit incurred herein; and

5. For such other and further relief as the Court may deem just and proper.

DATED this 13th day of June, 2017.

**RICHARD HARRIS LAW FIRM**

*/s/ Michaela E. Tramel*

---

MICHAELA E. TRAMEL, ESQ.
Nevada Bar No. 9466
801 S. Fourth Street
Las Vegas, Nevada 89101
*Attorneys for Plaintiff*

6/13/2017 4:32 PM

# DISTRICT COURT

## CLARK COUNTY, NEVADA

JOHN CARTER,

    Plaintiff,

vs.

SMITH'S FOOD AND DRUG CENTERS, INC., d/b/a SMITH'S FOOD AND DRUG CENTER #372, a Foreign Corporation; DOES 1 through 20; ROE BUSINESS ENTITIES 1 through 20, inclusive jointly and severally,

    Defendants.

CASE NO.: A-17-756846-C
DEPT. NO.:

Department 18

**SUMMONS**

**NOTICE! YOU HAVE BEEN SUED. THE COURT MAY DECIDE AGAINST YOU WITHOUT YOUR BEING HEARD UNLESS YOU RESPOND WITHIN 20 DAYS. READ THE INFORMATION BELOW.**

**TO THE DEFENDANT:** A civil Complaint has been filed by the plaintiff against you for the relief set forth in the Complaint.

**SMITH'S FOOD AND DRUG CENTERS, INC., d/b/a SMITH'S FOOD AND DRUG CENTER #372**

1. If you intend to defend this lawsuit, within 20 days after this Summons is served on you exclusive of the day of service, you must do the following:
    a. File with the Clerk of this Court, whose address is shown below, a formal written response to the Complaint in accordance with the rules of the Court.
    b. Serve a copy of your response upon the attorney whose name and address is shown below.

2. Unless you respond, your default will be entered upon application of Plaintiff and this Court may enter a judgment against you for the relief demanded in the Complaint, which could result in the taking of money or property or other relief requested in the Complaint.

3. If you intend to seek the advice of an attorney in this matter, you should do so promptly so that your response may be filed on time.

4. The State of Nevada, its political subdivisions, agencies, officers, employees, board members, commission members and legislators each have 45 days after service of this Summons within which to file an Answer or other responsive pleading to the Complaint.

Issue at the direction of:

6/13/2017

**RICHARD HARRIS LAW FIRM**

/s/ Michael E. Tramel
────────────────────
MICHAELA E. TRAMEL, ESQ.
Nevada Bar No. 9466
801 S. Fourth Street
Las Vegas, Nevada 89101
*Attorney for Plaintiff*

**CLERK OF COURT**

*Patricia Azucena*
────────────────────
DEPUTY CLERK                     Date
Regional Justice Center
200 Lewis Avenue
Las Vegas, Nevada 89155



Electronically Filed
8/23/2017 4:27 PM
Steven D. Grierson
CLERK OF THE COURT

ANSC
JERRY S. BUSBY
Nevada Bar #001107
COOPER LEVENSON, P.A.
1835 Village Center Circle
Las Vegas, Nevada 89134
(702) 366-1125
FAX: (702) 366-1857
jbusby@cooperlevenson.com
Attorneys for Defendant
SMITH'S FOOD & DRUG CENTERS, INC.

## DISTRICT COURT

## CLARK COUNTY, NEVADA

| JOHN CARTER, | CASE NO. A-17-756846-C |
|---|---|
| Plaintiff, | DEPT NO.: XVIII |
| vs. | |
| SMITH'S FOOD AND DRUG CENTERS, INC., d/b/a SMITH'S FOOD AND DRUG CENTER #372, a Foreign Corporation; DOES 1 through 20; ROE BUSINESS ENTITIES 1 through 20, inclusive jointly and severally, | **DEFENDANT SMITH'S FOOD & DRUG CENTERS, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT** |
| | DATE OF HEARING: N/A |
| | TIME OF HEARING: N/A |
| Defendants. | |

COMES NOW, Defendant, SMITH'S FOOD & DRUG CENTERS, INC., improperly designated as SMITH'S FOOD AND DRUG CENTERS, INC., by and through its attorney of record, JERRY S. BUSBY, ESQ., of the law firm COOPER LEVENSON, P.A., and hereby answers Plaintiff's Complaint on file herein as follows:

### I.

This answering Defendant states that it does not have sufficient knowledge or information upon which to base a belief as to the truth of the allegations contained in Paragraphs 1, 3, 4, 5, 6, 7 and 8 of that portion of Plaintiff's Complaint entitled "**JURISDICTION**" and upon said ground, denies each and every allegation contained therein.

### II.

In response to Paragraph 2 of that portion of Plaintiff's Complaint entitled "**JURISDICTION**", this answering Defendant admits that it is and was a Foreign Corporation,

CLAC 4081391.1

licensed to do business in Clark County, Nevada doing business as "SMITH'S". This answering Defendant denies any remaining allegations contained in said Paragraph.

### III.

This answering Defendant, in response to Paragraph 9 of that portion of Plaintiff's Complaint entitled "**FIRST CAUSE OF ACTION**", incorporates herein by reference each and every answer previously alleged to the Paragraphs which the Plaintiff has realleged by incorporation.

### IV.

This answering Defendant states that it does not have sufficient knowledge or information upon which to base a belief as to the truth of the allegations contained in Paragraphs 10 and 11 of that portion of Plaintiff's Complaint entitled "**FIRST CAUSE OF ACTION**" and upon said ground, denies each and every allegation contained therein.

### V.

This answering Defendant denies each and every allegation contained in Paragraphs 12, 13, 14, 15, 16, 17, 18, 19 and 20 of that portion of Plaintiff's Complaint entitled "**FIRST CAUSE OF ACTION**".

### VI.

This answering Defendant, in response to Paragraph 21 of that portion of Plaintiff's Complaint entitled "**SECOND CAUSE OF ACTION**", incorporates herein by reference each and every answer previously alleged to the Paragraphs which the Plaintiff has realleged by incorporation.

### VII.

Paragraphs 22 and 23 of that portion of Plaintiff's Complaint entitled "**SECOND CAUSE OF ACTION**" state a legal conclusion which is the sole province of the Court to determine. This answering Defendant therefore denies said Paragraphs.

### VIII.

This answering Defendant denies each and every allegation contained in Paragraphs 24, 25, 26, 27 and 28 of that portion of Plaintiff's Complaint entitled "**SECOND CAUSE OF ACTION**".

///

///

CLAC 4081391.1

# AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE

Plaintiff did not use reasonable diligence to care for his injuries, thereby aggravating said injuries as a result. Therefore, Plaintiff's claims against this answering Defendant should be denied, or any recovery reduced in proportion to said negligence of Plaintiff.

## SECOND AFFIRMATIVE DEFENSE

At the time and place alleged in Plaintiff's Complaint, and for a period of time prior thereto, Plaintiff did not exercise ordinary care, caution, or prudence for the protection of his own safety, and injuries and damages complained of by Plaintiff in the Complaint, if any, were directly and proximately caused or contributed to by the fault, failure to act, carelessness, and negligence of Plaintiff, and therefore Plaintiff's claims against this answering Defendant should be denied, or any recovery reduced in proportion to said negligence of Plaintiff.

WHEREFORE, this answering Defendant prays that Plaintiff take nothing by virtue of his Complaint on file herein; for costs and disbursements incurred in this action; and for such other and further relief as to the Court may deem proper.

Dated this 23rd day of August, 2017.

COOPER LEVENSON, P.A.


By   /s/ Jerry S. Busby
     Jerry S. Busby
     Nevada Bar No. 001107
     1835 Village Center Circle
     Las Vegas, Nevada 89134
     Attorneys for Defendant
     SMITH'S FOOD & DRUG CENTERS, INC.

CLAC 4081391.1

3

## CERTIFICATE OF SERVICE

Pursuant to NRCP 5(b), I certify that I am an employee of COOPER LEVENSON, P.A. and that on this 23rd day of August, 2017, I did cause a true copy of the foregoing **DEFENDANT SMITH'S FOOD & DRUG CENTERS, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT** to be served upon each of the parties listed below via electronic service through the Eighth Judicial District Court's Odyssey E-File and Serve System:

Michaela E. Tramel, Esq.
RICHARD HARRIS LAW FIRM
801 South Fourth Street
Las Vegas, NV 89101
Attorneys for Plaintiff

By /s/ Theresa H. Rutkowski
An Employee of
COOPER LEVENSON, P.A.

CLAC 4081391.1

4

r/a

REA
MICHAELA E. TRAMEL, ESQ.
Nevada Bar No. 9466
RICHARD HARRIS LAW FIRM
801 South Fourth St.
Las Vegas, NV 89101
Tel.   (702) 444-4444
Fax   (702) 444-4455
Email  michaela@richardharrislaw.com
*Attorneys for Plaintiff*

DISTRICT COURT

CLARK COUNTY, NEVADA

| | |
|---|---|
| JOHN CARTER,<br><br>　　　　　　Plaintiff,<br><br>vs.<br><br>SMITH'S FOOD AND DRUG CENTERS, INC., d/b/a SMITH'S FOOD AND DRUG CENTER #372, a Foreign Corporation; DOES 1 through 20; ROE BUSINESS ENTITIES 1 through 20, inclusive jointly and severally,<br><br>　　　　　　Defendants. | CASE NO.: A-17-756846-C<br>DEPT. NO.: XVIII |

### PLAINTIFF'S REQUEST TO EXEMPT FROM ARBITRATION

Plaintiff, JOHN CARTER, hereby requests the above-entitled matter be exempted from arbitration pursuant to Nevada Arbitration Rules 3 and 5, as this case:

1. \_\_\_\_  presents a significant issue of public policy;
2. _X_  has a probable jury award value in excess of $50,000.00 per plaintiff, exclusive of interest and costs, and regardless of comparative liability;
3. \_\_\_\_  presents unusual circumstances which constitute good cause for removal from the program.

A specific summary of the facts which supports an exemption from arbitration is as follows:

That on or about January 20, 2017, Mr. Carter had just finished shopping at Smith's Food

1

and Drug Center. He was walking out to the parking lot when he slipped on the wet ground and fell. He ended up falling forward and broke the fall by landing on his knees. He stated as soon as he landed, he felt a loud snap and a sudden sharp pain in his left knee. He was unable to stand back up and was transported to the emergency room by ambulance.

An x-ray of the knee was taken and read as having acute transverse left patellar fracture with 2 centimeter of diastasis. Orthopedic surgery was contacted for a consultation and the hospitalist team was contacted for admission.

Mr. Carter was seen and evaluated by Orthopedic surgery and underwent an ORIF of the left patella.

The following is a list of Plaintiff's medical providers and medical specials to date:

| Provider | Date(s) of Service | Total Charges |
|---|---|---|
| 1. American Medical Response | 01/20/2017 | TBD |
| 2. Mountain View Hospital | 01/20/2017-01/26/2017 | $77,559.02 |
| 3. Fremont Emergency Services | 01/20/2017 | $1,233.00 |
| 4. Radiology Specialists | 01/20/2017-01/22/2017 | $99.00 |
| 5. Bone & Joint Specialists | 01/22/2017 – 04/21/2017 | $3,690.00 |
| TOTAL MEDICAL EXPENSES | | $82,581.02 |
| TOTAL LOST WAGES | | TBD |
| MISCELLANEOUS COSTS | | TBD |
| TOTAL FUTURE MEDS | | TBD |
| DAMAGES GRAND TOTAL | | $82,581.02 |

Plaintiff suffered personal injuries with a value in excess of $82,581.02. Copies of all of Plaintiff's medical records and bills will be provided upon request.

/ / /

/ / /

/ / /

2

Plaintiff's counsel hereby certifies pursuant to NAR 3 and 5 and N.R.C.P. 11 this case to be within the exemption(s) marked above and is aware of the sanctions which may be imposed against any attorney or party who, without good cause or justification, attempts to remove a case from the arbitration program.

DATED THIS 28th day of August, 2017.

RICHARD HARRIS LAW FIRM

MICHAELA E. TRAMEL, ESQ.
Nevada Bar No. 9466
801 South Fourth Street
Las Vegas, NV 89101
*Attorneys for Plaintiff*

3

## CERTIFICATE OF SERVICE

Pursuant to NRCP 5(b), I certify that I am an employee of RICHARD HARRIS LAW FIRM, and that on this 30th day of August, 2017, I served a copy of the foregoing **PLAINTIFF'S REQUEST TO EXEMPT FROM ARBITRATION** as follows:

☐ U.S. Mail—By depositing a true copy thereof in the U.S. mail, first class postage prepaid and addressed as listed below; and/or

☐ Facsimile—By facsimile transmission pursuant to EDCR 7.26 to the facsimile number(s) shown below; and/or

☐ Hand Delivery—By hand-delivery to the addresses listed below; and/or

☒ Electronic Service — in accordance with Administrative Order 14-2 and Rule 9 of the Nevada Electronic Filing and Conversion Rules (N.E.F.C.R.).

Jerry S. Busby, Esq.
**Cooper Levenson, P.A.**
1835 Village Center Circle
Las Vegas, NV 89134
Attorneys for Defendants

_/s/ Nicole Grumman_
An employee of the Richard Harris Law Firm

4